S.A.P. America, Inc. v. InvestPic, LLC 2019-13-38, Mr. Evans, when you are ready. I'd like to reserve five minutes for rebuttal. Best way always to reserve five minutes for rebuttal is to stop at May it please the court. The only thing exceptional about this case is that we're sitting here today with a district court opinion that found this case exceptional and awarded attorneys fees to S.A.P. This is not a case that was filed by InvestPic. The only action that InvestPic took in this case was to send a notice letter to preserve its statutory rights to enforce this patent and then to oppose a motion for judgment on the pleadings that his patent was invalid under section 101. But look, you had a district court to whom we owe deference on an issue like this and it found in the words of the Supreme Court that the case stands out. It referred to previous statement by the and then the court said that the way you litigated the case in particular that two people high up in your company engaged in contacts with the other party undercover so to speak. We owe deference on these findings, don't we? Yes, on the second set of deference all that occurred post final judgment so I believe that this court has held that under those circumstances less warranted but I agree that you do owe deference to those findings. Let's look at the facts that underpin those findings. The problem here is what the district court held is InvestPic was specifically warned by the USPTO that it looked very unlikely that these claims were directed toward patentable subject matter and very likely that the claims were invalid. That's from appendix 19 in there in the district court's order finding the case exceptional. The only fact that underpins that finding is a footnote from an appellate brief that this court heard in a case that we won that was coming up from inter parties and ex parte re-examinations. The district court may have overstated what was in that footnote but I think his point was you were on notice. But that notice does not overcome the presumption of validity and patentability. Now this court held very recently in CELSPIN v Fitbit this summer that a patent owner is entitled to both presumption of validity and patentability and that presumption is not overcome until a defendant has proved the patent invalid. That footnote does not prove the patent invalid nor does it destroy the presumption of validity. If it did there would be no presumption of validity because I can tell you I have yet to litigate a patent case where my patents were not told I was not told that my patents were invalid under 101 102 and 103 for sure by a defendant. The district court in this case did not though say I am not presuming the validity. I thought the district court effectively said the opposite. Well the district court did cite to Ultramershal and say typically this creates a presumption of validity of the claims of a patent but that is not necessarily the case in a court's review of the 101 issue and then pays a little bit of lips that's from appendix 18 and then pays a little bit of lips service to say that this is not necessarily the case but then he says because you were warned by the USPTO you're in essence not entitled. I'm sorry but a little bit of lip service I guess is what struck me as effectively saying I will actually presume that it is valid or eligible and that in more more to the point Invespic had a general right reasonably to rely on the issuance of the patent so I didn't see anything I didn't see any problem with what the district court said with respect to burdens. I think the one what there were two things that I guess struck me as about the district court opinion that one is there's no weakness of your eligibility view correct and then second that though the district court found that the conduct of Mr. Miller and Mr. Vanda with respect to dealing with the SAP salesman was stood out I don't remember a specification of what was wrong with the conduct. Also correct. So while I agree that the district court pays lip service to the burden and appears to put it in the right place the problem is his application of the burden. He then says that the USPTO warning created a serious cloud on the claims that Invespic had to address before enforcing his patents. Wait a minute he went on and he said one of the reasons that the court found this case exceptional was Invespic's unusually weak validity position under 101. The Federal Circuit has affirmed the courts 101 in validity order. Now citing to the Federal Circuit can't be all wrong can it? No your honor. So maybe he read what we said about it in an earlier opinion by just a judge Toronto. He goes on to say this was first affirmed by a three-judge panel decision after request for re-hearing the panel issued a substitute order which again affirmed the courts 101 ruling and finally Invespic's request for re-hearing en banc was denied. So he took what we did seriously. That's correct your honor. It's a little after the fact I admit that but nevertheless why couldn't he rely on what we pointed out was and I think the language of the earlier opinion suggests it was a pretty weak case. So respectfully the Honorable Judge Toronto did not say that our arguments were weak in his opinion upholding the district courts case nor did the district courts original opinion on 101 make any comment on the substantive strength of Invespic's arguments. The language you were reading about the validity position came several years after that initial 101 ruling in the order that determined the amount of fees that were to be determined. It wasn't made in the exceptional case finding nor in the 101 case and that was after extensive briefing on the fact that he had not ruled on the substantive strength on the briefing and additional briefing by Invespic in the interim. So it appears to be him trying to cover his tracks but again absent from that language that you said there's still no finding on the substantive strength of our arguments or why he believed that they are unusually weak and there's no citation even to anywhere in his orders. Why isn't it enough even if that was a kind of shorthand a kind of incorporation by reference look at my earlier opinion my earlier opinion which says you know this is about mathematics and and contracts and then look at the Federal Circuit's opinion same thing just as a shorthand I view this as on the spectrum of 101 issues a pretty easy one without elaborating what why would he need to elaborate on that for purposes of our now quite discretionary review? Well one how are we supposed to appeal a ruling where we don't know the basis of it I mean he doesn't give us really any firm foundation for why he thinks it's exceptionally weak so it's very difficult to address that because honestly I don't know. The only clue he gives me is in his exceptional case finding order he points that we should have known that the case that the patent was invalid based on the USPTO's footnote which I would like to read because I think the language is important since that's what everything hinges on it says although neither the examiner nor the board rejected in best-picks claims under 35 USC 101 the director notes that these claims might fail to qualify as patent eligible subject matter under case law that is a closed examination in this case. Counsel we've read the footnote and I conceded earlier in the conversation that the district court may have overstated the impact of that footnote you made your point. Okay we can also read the claim and we have a large body of case law relating to method claims that don't pass 101 muster. And respectfully your honor as the the abstract the idea of what is an abstract patent can barely serve as a rule of law because the cases on it often contradict each other I mean it is I could put ten patent lawyers in a room we could look at the same patent and we could have probably ten different opinions about it. Not to disagree with your point we don't deal with abstract patents we only deal with abstract ideas. Let's stick with the claim. Sure but what this comes back what this all comes back to is the district court is saying that because the USPTO told us previously that our patent might be invalid under 101 our presumption we were no longer entitled to rely on our presumption of validity in a case that we did not file. We are the defendant all we did was defend the validity of our patent so if we were going to move the bar on exceptional case to where a patent in a declaratory judgment action quite frankly there's going to be no case that's not exceptional. I mean that is so far beyond where any exceptional case finding has ever been made that I don't think that there would be anything that wouldn't qualify under that standard. Let me move you to another point that the district court seemed to be concerned about. He was concerned about the fact that the two inventors or owners of this patent went to see SAP and gathered information from them. Now as I understand that SAP made the first contact with them is that correct? That is correct your honor. And then they just sort of played along without bothering to say and by the way we're suing you a small detail. I'm curious from your experience is that a customary kind of thing if they had come to you counsel and said here's what we're doing would you have said good news keep me informed or would you have said wait don't do that that'll get us in trouble. Which way would the bar normally go on something like that? So to address your hypothetical lawyers are cautious people. Out of an abundance of caution I would probably say let's not engage in that conduct but I would look into it and having done the research I do not believe that there's anything wrong with that conduct. In fact there's good public policy reasons to allow you to engage in that type of discovery. I mean these are not control group employees. These are not people that have any knowledge of the case. These are simply salespeople sending you sales material and quoting you sales prices as they would any other customer. You are entitled to that all that information in discovery. I can tell you we weren't getting it in discovery and you often don't in these cases. There are many ethical opinions and cited in the briefs where they say that discovery under a pretense is not prohibited. I think it's very notable that Judge Kincaid cited no authority that said this is wrong. He cited no ethical rule that was violated. He cited no rule of civil procedure that was violated. He just apparently didn't like it. Now that is impossible. That's an impossible standard as a litigant to know that you're going to get attorney's fees awarded against you for conduct that has never before been held to be improper. Now the purpose of 285 is to give the winning party back the money compensatory damages for cases that shouldn't have been brought or for conduct that shouldn't have happened. Two notable things about this. One, there's nothing that holds this conduct was wrong. Kincaid admits that it didn't violate any rules, ethics, or other legal obligations that Dr. Varma and Mr. Miller had. Two, and probably most notably, this issue didn't come up in the case. The materials they received were not used in the case. There was not a single filing in this case about it. SAP's lawyers spent no time on this issue during the case. So what is there to compensate for? Nothing. As far as this case is concerned, that conduct didn't even happen. The only time it came up is when SAP filed its motion to get attorney's fees to try to drum up sympathy from the judge by trying to paint us as bad actors. And it worked. And respectfully, I have only two minutes left that I would like to reserve some time. I'm suggesting that we should issue a motion that shocks the conscience of the court. Would that be useful for future behavior? Not for me, Your Honor. I would very much hope that you do not issue that opinion. I'm asking for the opposite. Okay. But I would say that I do believe there should be some concept of notice that what you were doing is wrong before you get hit with an attorney's fee award of multiple hundreds or millions of dollars. It shouldn't be a guessing game of what conduct is acceptable and what conduct is not. And here we had no notice that the conduct that we were accused of being exceptional was something that could warrant an exceptional case finding. Counsel, we'll save two minutes for rebuttal for you. Thank you, Your Honor. Ms. Vidal. Thank you, Your Honor. Morning. May it please the Court, Kathy Vidal on behalf of SAP. Your Honors, in this case, the district court found that Investpick was advancing, and I'll quote, an unusually weak invalidity position under 101. And the first time the district court found the position was weak was not in the fees motion. It was in the original 101 decision. In that decision, the district court said the claims of the 291 patent are difficult to distinguish from the claims in Fluke and from the Supreme Court's example of a claim that calculated the circumference of a circle. That's at Appendix 452. The court found that the claims were directed to math, as did this court, and that math is per se not patent eligible. And that the claims, quote, do not contain any substantial limitations besides those that restrict the abstract idea at issue, end quote. That's at Appendix 451. As to this court's opinion, this court readily found that the claims were directed to, quote, mathematical calculations. That's at this 1163, and that they have no plausibly alleged innovation in the non-abstract application realm. Same site. This court held that we readily conclude that there is nothing in the claims sufficient to remove them from the class of subject matter ineligible for patenting and transform them into an eligible application. The law on 101 could not have been clearer in this case, and the district court did not err in finding that the claims were unusually weak. Now, InVEST picks sites to a number of opinions by courts, by judges on this court, where they express some concern about the law around what is and is not an abstract idea. And in fact, in Mayo v. Athena, 12 of this court's judges expressed opinions on their concerns about what falls inside or outside of In none of those opinions does any judge take the position that mathematics is in question. Of course, Athena dealt with a different kind of invention. It did. It did. And as did the other opinion cited in InVEST picks brief. And yes, there are concerns generally that the meets and bounds of abstract idea is not fully resolved, but there's no case that says that mathematics is potentially not an contrary. And on this, I would find InVENTOR Holdings instructive. In InVENTOR Holdings, the patentee made the very same point. The patentee before this court in InVENTOR Holdings took the position that the law around abstract idea was too uncertain to award attorney fees. And in that case, the Federal Circuit held that while it is sometimes difficult, and quote, sometimes difficult to analyze patent eligibility under the framework prescribed by the Supreme Court in Mayo, end quote, the invention and issue, quote, does not require us to engage in a difficult line drawing exercise for a claimed invention resting on or anywhere near the margins of patent eligibility. That's at InVENTOR Holdings at 1379. The same holds true here. That there's nothing that about mathematics that brings it close to that line as to what is and is not patent eligible. And in fact, for the same reasons that this court upheld the district court's finding of exceptional case in InVENTOR Holdings, the court should do so here just based on the weakness of the 101 argument. Can I ask you this? As I remember it, the district court here did not say that the weakness of the eligibility position was itself a sufficient reason to award fees. The district court, I thought, pretty conspicuously said these two things together, the second thing being the discovery-related conduct that the district court said stands out. Suppose, hypothetically, and then I do want to say that the discovery piece of the district court's ruling was insufficiently supported. Could we affirm anyway? Should we affirm? Or are we obliged to say the district court never said, I would exercise my discretion to find this exceptional on the 101 weakness alone? In the district court's opinion, the And if you look at Appendix 11, the court held the exceptional case finding was based on the fact that this case stands out for the other in both InVESTPIC's litigation position and the manner in which InVESTPIC litigated the case. The court went on to say, generally, InVESTPIC's week 35 USC 101 subject matter eligibility position, its notice from the USPTO on this issue, and InVESTPIC's opportunity to address this issue made InVESTPIC's litigation position stand out. One point, one prong of Octane Fitness. The court went on to say, as to InVESTPIC's manner of litigating the case, the court found generally that the case stands out from others in relation to some pretense self-help discovery conducted by key people at InVESTPIC. So the court made clear that Octane Fitness has two prongs and the court could find a case the court could find a case exceptional under either prong and in this case the court found the case exceptional under both prongs. Can I turn to the the other piece now and just ask you, what was wrong with the conduct of Miller and Varma in discussing SAP's products with SAP's salesperson? So returning to the district court's decision, the district court at Appendix 5 concluded that that Lee Miller, who was the operating manager of InVESTPIC, and Samir Varma, who was the inventor, and I'm not sure if he was even affiliated with Regulus, pretended to be potential customers of SAP's product. I think I understand the facts. What's wrong with that? They acted under pretense in order... So what? I really, I mean, I just want to know, what is the norm, the rule norm, the ethics norm, the statutory norm, the something norm, that says don't pretend by, you know, going to the store and trying to, you know, buy the other side's product or ask the salesperson about how this works? Well, certainly, let's step back to pre-litigation conduct. So in pre-litigation, you need to satisfy your Rule 11 analysis. And in that context, you could certainly buy a product and analyze it and try and determine whether there's infringement. And in fact, it's incumbent upon you to do so. When it comes to litigation, and you know that a party is represented by counsel, the rules change. So that's what I'm asking. Where's the rule that says don't do this post-filing, post-initiation? This was post-litigation conduct. This was post-litigation conduct, post-litigation, and I will say... I'm not expressing, I don't, I'm not sitting here saying I don't think it's wrong, but I'm looking for something that says how do I know that it's wrong? Maybe it isn't wrong, or maybe it is, but I'm not given any source to look at. So it would be wrong had the lawyer conducted the conduct directly. As far as the individuals conducting the conduct, I'm not aware of an ethical rule that was violated. Now there doesn't need to be one under Octane Fitness, but I'm not aware of an ethical rule that was violated. The judge in this case was considering all of the circumstances, which was even though it was the inventor and the operator who conducted this self-help discovery, that if you don't settle this case, I'm going to bring these facts before the court. So there was something fishy there. Now was it a direct violation of a rule? If it had been the lawyer, what rule would have been directly violated? There's ethical rules in the state of Texas or state by state dependent, but there's ethical rules that say that once you're engaged in litigation, if you know the party's represented by counsel, you have to deal with counsel. You can't go around counsel and deal with the party directly. So you made a point that may be significant, which was after these two gentlemen got through gathering their information, they sent it to their lawyer and the lawyer then used it in an attempt to influence the party on the other side. At that point, they're using that information, their lawyer is using that information. Does that change the fact, the situation? It's additional facts the district court could rely on to say this case stands out from the others. Whether or not it reaches the level of an ethical breach, that's not clear, but the court does not need to decide that it reaches that level in order to find this case exceptional under octane fitness. And I will say that fact is against the backdrop of earlier communications from investment counsel to SAP, one of which they threatened millions in attorney fees. And then later they brought these facts to SAP saying, okay, you didn't pay these millions, you're not paying millions in attorney fees, but now we're going to threaten you with discovery that our principals went into your company and gathered. So the district court in making his ruling on that prong of octane fitness considered all of the circumstances. And based on the fact that the district court found under both the first prong and the second prong of octane fitness that under either prong, this case was an exceptional case, we're asking this court to affirm that decision. And we're asking this court to affirm it as to the full amount of attorney fees that were awarded, because it's a district court found, but for the fact that InvestPIC did not heed the PTO's warning, but for the fact that they didn't investigate the very cases the PTO cited, Fluke and Alice, this case would have never been brought and none of these attorney fees would have been accrued. Well, you're alluding to the fact that the court cut back from the requested fees. That is correct. The court cut back from the requested fees on a couple different bases. One, they believed that the attorney fee rates could be lower, and so they certainly cut those. You vigorously contested that. We did, we did, your honor. That was one basis, and the other basis was there was certainly activity that SAP was considering in the patent office, and they cut that as well. So if you look at the ultimate award, it was a fraction of what SAP was asking for in the first instance. I remember, right, he reduced the lawyers by about 35 percent? About 35 percent for the partners, less for the associates, because apparently lawyers in the first instance, it was less money. One was for PTO filing, it was never made. That's correct. You can't really argue against that. And, your honor, we are not. We are not asking for additional attorney fees. We're just asking that this court uphold the finding of the district court. I see, okay. Thank you. Thank you. Mr. Evans has a couple of minutes. Sure. I just have a couple quick points. One, I have to respectfully disagree with counsel's statement that if I had contacted the SAP salesman that that would be an ethical violation. The rules in Texas, in most states, is it's a control group test. So when you represent a corporation, you don't represent every employee of the corporation. You don't represent the salespeople who have no involvement. You represent executives and maybe the general counsel, you know, the control group that's controlling the litigation. And this is a common mistake that defense counsel makes when they say, you cannot contact anyone at my company without contacting me. That is not the law and that is not true. And that is what SAP has said here and told you. I am allowed to contact low-level employees who are not involved in litigation when I am litigating against companies. They are not represented by counsel unless counsel has gone to each of them individually and they have hired that counsel as their attorney. Otherwise, they are just people who are not involved in litigation. I have information about the facts that everyone is entitled to talk to. So I disagree strongly that if I had done the conduct that Mr. Lee and Mr. Varma did, that it would be an ethical violation because it would not be under any state standard that I'm aware of and for sure Texas is. And we have an ethical opinion to that effect that was submitted by Linda Eves in this case. You're arguing, I take it, that the district judge's sensitivities to these agreed. That is exactly what we're saying. What about the fact that the information was used by the company lawyer to try to get SAP to collapse? So there's a lot of emphasis on an email that's sent in the heat of a pretty heavily contested litigation. Lots of things get said. Both parties claim they're going to win. Both parties make statement about evidence. Both parties say they're going to win on summary judgment. Both sub-parties always say they're going to get attorney's fees once they prove how very wrong you are. That is just patent litigation. It's bare-knuckle barroom brawls. It's no holds barred. There was nothing attached to that email. That information that Mr. Lee and Mr. Varma used was never brought to the district court nor was it ever sent to SAP. And to say that we went into the company to get it, I mean, come on. There was conference calls that were held and there was emails that were sent by should be publicly available that they send to every single customer that they're trying to recruit. Maybe the district court was quietly trying to elevate the behavior of the bar in Texas, do you think? Well, if he was doing that, he should have been explicit about it. And it's not really his, that's for the Supreme Court of Texas to do, not district judge Ed Kincaid. Now, their ethical rules are in place and promulgated by the Supreme Court of Texas, not by district court judges. So if that is to be the rule, that would have to come from them. And I don't think it's enough for an exceptional case to be found because the judge just didn't like what you did. There needs to be a reason behind it. Like, if it is just subjective judicial opinion that your that your behavior was wrong and that can elevate a case to an exceptional case, then there is no guidance to litigants to ever know when they will be subjected to attorney's fees, which is a substantial punitive damage. And I don't think that's what the law in 285 is, and I think that would be terrible policy. And I'm over, Your Honor. Thank you. Counsel, the case is submitted.